AF Approval _____

Chief Approval _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

     v.

CASE NO. 8:21-cr-33-T-210JSS

JAMES ROLAND JONES
    a/k/a "MillionaireMike"

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and the defendant, James Roland Jones, and the attorney for the

defendant, Alan Eisner, mutually agree as follows:

**A.**   **Particularized Terms**

1.   <u>Count(s) Pleading To</u>

The defendant shall enter a plea of guilty to Count One of the

Information. Count One charges the defendant with conspiracy, in violation

of 18 U.S.C. § 371.

2.   <u>Maximum Penalties</u>

Count One carries a maximum sentence of five (5) years

imprisonment, a fine of $250,000, a term of supervised release of not more

than three (3) years, and a special assessment of $100 per felony count for

Defendant's Initials _JRJ_

individuals.  With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.     Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:     two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

Second:     the Defendant knew the unlawful purpose of the plan and willfully joined in it;

Third:     during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

Fourth:     the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

4.     Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

Defendant's Initials _JRJ_JRJ_                    2

5.   <u>No Further Charges</u>

   If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge

defendant with committing any other federal criminal offenses known to the

United States Attorney's Office at the time of the execution of this agreement,

related to the conduct giving rise to this plea agreement.

6.   <u>Guidelines Sentence</u>

   Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the defendant be sentenced within the

defendant's applicable guidelines range as determined by the Court pursuant

to the United States Sentencing Guidelines, as adjusted by any departure the

United States has agreed to recommend in this plea agreement.  The parties

understand that such a recommendation is not binding on the Court and that,

if it is not accepted by this Court, neither the United States nor the defendant

will be allowed to withdraw from the plea agreement, and the defendant will

not be allowed to withdraw from the plea of guilty.

7.   <u>Acceptance of Responsibility - Three Levels</u>

   At the time of sentencing, and in the event that no adverse

information is received suggesting such a recommendation to be unwarranted,

the United States will not oppose the defendant's request to the Court that the

Defendant's Initials  _JRJ_ JRJ

3

defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.     <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a

Defendant's Initials  _JRJ JRJ_          4

prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has

Defendant's Initials _JRJ JRJ_     5

been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.     Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

10.     Cooperation - Responsibilities of Parties

a.     The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.     It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information

Defendant's Initials  _JRJ_ JRJ                6

pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does

Defendant's Initials _JRJ_ ⌐JR⌐     7

hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts

Defendant's Initials _JRJ_         8

to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

11.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture

Defendant's Initials  JRJ JRJ         9

will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG §1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

Defendant's Initials  _JRJ_ᴶᴿᴶ_          10

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns

Defendant's Initials  _JRJ JRJ_          11

until the agreed forfeiture, including any agreed forfeiture amount, is collected
in full.

**B.**   **Standard Terms and Conditions**

    1.    <u>Restitution, Special Assessment and Fine</u>

        The defendant understands and agrees that the Court, in addition
to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution
to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses
described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant
to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. §
3663, including restitution as to all counts charged, whether or not the
defendant enters a plea of guilty to such counts, and whether or not such
counts are dismissed pursuant to this agreement.  The defendant further
understands that compliance with any restitution payment plan imposed by
the Court in no way precludes the United States from simultaneously pursuing
other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)),
including, but not limited to, garnishment and execution, pursuant to the
Mandatory Victims Restitution Act, in order to ensure that the defendant's
restitution obligation is satisfied.

Defendant's Initials _JRJ_JRJ_      12

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.      Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.      Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.      Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant

Defendant's Initials  *JRJ* JRJ          13

factual information, including the totality of the defendant's criminal activities,
if any, not limited to the count(s) to which defendant pleads, to respond to
comments made by the defendant or defendant's counsel, and to correct any
misstatements or inaccuracies. The United States further reserves its right to
make any recommendations it deems appropriate regarding the disposition of
this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.
32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United
States Attorney's Office within 30 days of execution of this agreement an
affidavit reflecting the defendant's financial condition. The defendant
promises that his financial statement and disclosures will be complete,
accurate and truthful and will include all assets in which he has any interest or
over which the defendant exercises control, directly or indirectly, including
those held by a spouse, dependent, nominee or other third party. The
defendant further agrees to execute any documents requested by the United
States needed to obtain from any third parties any records of assets owned by
the defendant, directly or through a nominee, and, by the execution of this
Plea Agreement, consents to the release of the defendant's tax returns for the
previous five years. The defendant similarly agrees and authorizes the United

Defendant's Initials  _JRJ_  JRJ          14

States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.      Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any

Defendant's Initials _JRJ_ JRJ        15

recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials  _JRJ_ JRJ          16

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation

Defendant's Initials  *JRJ*          17

and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set

Defendant's Initials _JRJ_JR_         18

forth below are true, and were this case to go to trial, the United States would
be able to prove those specific facts and others beyond a reasonable doubt.

<u>FACTS</u>

Beginning on an unknown date, but from as early as in or around
October 2016, and continuing through at least on or about July 2017, James
Roland Jones, a/k/a "MillionaireMike, knowingly and willfully agreed and
conspired with a known conspirator ("the Conspirator") to commit securities
fraud.

Website A was once the world's largest dark web marketplace. It
facilitated the sale of illegal drugs, firearms, personally identifiable
information ("PII"), stolen and fraudulent identification documents,
counterfeit goods, and malicious software and other computer hacking tools.
JONES's username on Website A was "MillionaireMike." JONES purchased
personally identifiable information ("PII") on Website A, including names,
addresses, dates of birth, and social security numbers. He used this
information, in part, to open and/or operate accounts for the purpose of
conducting transactions based on material, non-public information related to
publically traded securities, more commonly known as "insider information."
For example, JONES possessed victim J.L.M.'s PII, including the name,
address, date of birth, and social security number of J.L.M. On or about June

Defendant's Initials _JRJ JRS_        19

16, 2017, JONES gained control of a Capital One investment account ending in -9730, which had been fraudulently opened in the name of J.L.M. ("the J.L.M. Account").

JONES and the Conspirator obtained insider information for the purpose of effecting securities transactions. JONES and the Conspirator also, in fact, conducted securities transactions and caused securities transactions to be conducted based on this information that they believed to be insider information. For example, on or about April 9, 2017, an undercover employee working for the Federal Bureau of Investigation ("the Undercover Employee") provided JONES with purported material, non-public, merger information related to a publicly traded, U.S. company ("U.S. Company 1"). As outlined below, JONES and the Conspirator agreed to conduct, conducted, and directed others to conduct numerous securities transactions based on this purported insider information.

    a.  On or about April 18, 2017, the Conspirator purchased the option to purchase 2,500 shares of U.S. Company 1.

    b.  On or about April 21, 2017, the Conspirator purchased the option to purchase 500 shares of U.S. Company 1.

    c.  On or about April 21, 2017, the Conspirator purchased the option to purchase 500 shares of U.S. Company 1.

Defendant's Initials   _JRJ︎RJ_      20

d.  On or about April 25, 2017, the Conspirator purchased the option to purchase 500 shares of U.S. Company 1.

e.  On or about April 26, 2017, the Conspirator purchased the option to purchase 500 shares of U.S. Company 1.

f.  On or about April 28, 2017, JONES purchased the option to purchase 700 shares of U.S. Company 1.

g.  On or about May 3, 2017, JONES purchased the option to purchase 400 shares of U.S. Company 1.

h.  On or about May 3, 2017, JONES purchased the option to purchase 1,000 shares of U.S. Company 1.

i.  On or about May 4, 2017, JONES purchased the option to purchase 1,000 shares of U.S. Company 1.

Similarly, on or about June 28, 2017, JONES agreed to use $5,000 provided by the Undercover Employee to conduct a securities transaction based on insider information. On or about July 25, 2017, JONES revealed to the Undercover Employee that JONES had material, nonpublic, quarterly earnings information related to a publicly traded, U.S. company ("U.S. Company 2"). Again, as outlined below, JONES and the Conspirator agreed to conduct, conducted, and directed others to conduct numerous

Defendant's Initials _JRJ_JRJ_            21

securities transactions based on this insider information, including some of
which executed through the J.L.M. Account, as detailed below:

a.  On or about July 14, 2017, the Conspirator purchased 1,900
    shares of U.S. Company 2.

b.  On or about July 14, 2017, JONES purchased 7,200 shares of
    U.S. Company 2.

c.  On or about July 14, 2017, JONES purchased 1,400 shares of
    U.S. Company 2.

d.  On or about July 14, 2017, JONES purchased 1,000 shares of
    U.S. Company 2 using the J.L.M Account.

e.  On or about July 18, 2017, JONES purchased 1,700 shares of
    U.S. Company 2 using the J.L.M Account.

f.  On or about July 25, 2017, Conspirator sold 1,900 shares of U.S.
    Company 2.

g.  On or about July 25, 2017, JONES sold 3,000 shares of U.S.
    Company 2.

h.  On or about July 25, 2017, JONES sold 36 shares of U.S.
    Company 2

i.  On or about July 25, 2017, JONES sold 1,000 shares of U.S.
    Company 2.

Defendant's Initials _JRJ JRJ_          22

j.  On or about July 25, 2017, JONES sold 988 shares of U.S. Company 2.

k.  On or about July 25, 2017, JONES sold 3,564 shares of U.S. Company 2.

l.  On or about July 25, 2017, JONES sold 12 shares of U.S. Company 2.

m.  On or about July 26, 2017, JONES sold 2,700 shares of U.S. Company 2 using the J.L.M Account.

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case and does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

12.  <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___8___ day of _September_, 2020.

_James Jones_ JRJ
_____
James Roland Jones
Defendant

_____
Alan Eisner, Esquire
Attorney for Defendant

MARIA CHAPA LOPEZ
United States Attorney

_____
Carlton C. Gammons
Assistant United States Attorney

_____
Amanda L. Riedel
Assistant United States Attorney
Deputy Chief, Criminal Division

24